IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| RICHARD PUNDT,<br><br>Plaintiff,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC., TRANSUNION CORP., and DOES 1-20,<br><br>Defendants. | No. 10cv159<br><br>ORDER |

This matter is before the court on defendant Select Portfolio Servicing's resisted Motion for Summary Judgment, filed December 29, 2011. Briefing concluded January 30, 2012. Granted.

Plaintiff, a resident of Linn County, Iowa, brought this action seeking damages from defendants for their alleged violation of the Fair Credit Reporting Act (FCRA), 15 USC §§1681-1681x, in connection with the servicing of his home mortgage. Defendant Select Portfolio Servicing, Inc. (SPS), is a loan servicing corporation doing business in Iowa, and is a furnisher of credit information as contemplated by the FCRA. Defendant TransUnion is a corporation doing business in Iowa as a credit reporting agency, and Does 1-20 are alleged to be officers, directors, or managing agents of defendants SPS and TransUnion. The court has jurisdiction pursuant to 28 USC §1331.

On March 5, 2012, this matter was dismissed as to defendant TransUnion.

On July 26, 2002, plaintiff executed a promissory note for $453,000, supported by a mortgage that came to be serviced by SPS. Foreclosure proceedings were later initiated, resulting in a foreclosure decree and an order for a sheriff's sale. Plaintiff and SPS subsequently entered into two successive forbearance agreements, acknowledging that as a result of plaintiff's failure to make timely payments under the promissory note, the note was in default and a foreclosure action commenced. The forbearance agreements provided that upon plaintiff's promises contained therein, SPS agreed "that it shall forbear from exercising its rights under the Loan Documents, including, without limitation, the right to collect rents, the appointment of a receiver and the pursuit of Foreclosure Proceedings." The first forbearance agreement was signed on November 20, 2006 (see docket #46-3, pp. 41-45), and the second, on July 6, 2007 (see docket #46-3, pp. 47-51).

Plaintiff urges that although he made all payments under the forbearance agreements, defendant continued to report him to credit bureaus as delinquent in payments. While plaintiff's Complaint did not specify the subsection of the FCRA relied upon, from a review of the record including plaintiff's brief (docket #51) in resistance to the instant motion, it appears that plaintiff's claim against SPS is founded upon 15 USC §1681s-2(b), applied to SPS as a "furnisher of information," and in particular, the duty of SPS to undertake a reasonable investigation upon receiving notice of a dispute from a credit reporting agency, as set forth in §1681s-2(b). Specifically, plaintiff urges that defendant violated 15

2

USC §1681s-2(b) by failing to conduct a reasonable investigation of his claim that SPS should make no negative credit reporting of his account, as long as he made the payments required by the forbearance agreements.

Defendant seeks summary judgment, asserting that without regard to whether plaintiff's payments under the forbearance agreements were timely, it is the underlying past due original mortgage payments, and not the forbearance payments, that formed the basis of payments being reported to credit agencies as delinquent. Defendant asserts that pursuant to the forbearance agreements, it applied each of plaintiff's forbearance payments to the oldest past due payment first, then the second oldest past due payment, with payment application to continue in that manner. See docket #46-3, pp. 46, 50. Defendant urges that without regard to forbearance payments, for reporting purposes plaintiff remained delinquent upon the obligations arising from his promissory note and mortgage, and therefore those payments were reasonably investigated and accurately reported as delinquent. Accordingly, defendant asserts that it made a reasonable investigation of plaintiff's claim regarding the reporting of delinquency, and that plaintiff's claim takes issue not with any reasonable investigation, but rather, with the SPS decision, following reasonable investigation, to continue to report past due loan payments as being late. Defendant therefore urges that there exists no disputed issue of material fact as to whether it conducted a reasonable investigation as required by 15 USC §1681s-2(b), and asserts that it is entitled to judgment as a matter of law.

Plaintiff resists, asserting that upon his learning of the above referenced negative credit reporting, he advised SPS to investigate, and requested that the negative reporting be stopped. He urges that the forbearance agreements are captioned "Fresh Start – Post Foreclosure," and "Full Reinstatement - Post Commencement of Foreclosure," and that these captions and documents are not consistent with the reservation of any right to issue derogatory credit reporting. Plaintiff further urges that the forbearance agreements contain provisions as to remedies, that negative credit reporting is such a remedy, and that defendant was precluded from any negative reporting as long as plaintiff remained in compliance with the requirements of the forbearance agreements. Additionally, plaintiff asserts he would not have agreed to the forbearance agreements if they explicitly reserved the right to issue derogatory credit reporting.

In reply, defendant again asserts that while plaintiff takes issue with the conclusion reached by SPS following its investigation into plaintiff's claim that his mortgage payments were reported inaccurately, there exists no disputed issue of material fact as to whether its investigation was reasonable, and therefore it is entitled to summary judgment.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary

judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

15 USC §1681s-2(b) of the FCRA requires a furnisher of credit information (here, SPS), upon receiving notice from a credit reporting agency (CRA) that a consumer has disputed a debt, to investigate the dispute, to report the results of the investigation to the CRA, and, if the furnisher concludes that the disputed debt is inaccurate, incomplete, or unverifiable, to take certain additional remedial measures. 15 USC §1681s-2(b)(1). The furnisher's investigation must be "reasonable."

Again, the substance of plaintiff's claim is that defendant violated 15 USC §1681s-2(b) by failing to conduct a reasonable investigation of his claim that there should be no negative credit reporting of his account so long as he made the payments required by the forbearance agreements. Upon review in accordance with the appropriate standards, it is the court's view that neither the captions nor the substance of the forbearance agreements preclude the reporting of past due mortgage payments, and as noted above, the forbearance agreements expressly provide for the crediting of payments as they were credited by SPS, which is fully consistent with SPS's reporting. See docket #46-3, p.46 (first forbearance agreement), and p. 50 (second forbearance agreement). It is undisputed that

SPS investigated each dispute, and responded. Plaintiff has come forward with no persuasive authority that credit reporting is a "remedy" of the lender – both timely and untimely payments are reported. While plaintiff's claim as to whether or how past delinquencies should be reported might raise a disputed legal question, on the record in this matter, the court is satisfied that plaintiff has not come forward with a disputed issue of material fact as to the reasonableness of defendant's investigation into a claimed factual inaccuracy, which is his burden under the FCRA. Accordingly, SPS is entitled to judgment as a matter of law.

No further claim having been raised against any unnamed parties, upon entry of summary judgment for SPS, and the previous dismissal of TransUnion, this matter shall be dismissed.

It is therefore
ORDERED
Granted. Dismissed.

June 18, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT